ANSON HULL *vs.* AUSTIN FULLER.

FRANKLIN,
*January*,
1831.

The receiving a deed of a lot of land and taking actual possession under it, vests in the grantee a sufficient title to enable him to maintain an action on the case for the flowing of the land by one who has no right to flow it.

A deed describing a boundary line of land as running up the river to certain falls, " *thence continuing to run in such a direction as to include a mill-yard and the whole of a mill-pond, which may be raised by a dam on said falls to a certain road*," determines the boundary of the land itself, and not the height to which the pond may be raised.

This action was tried at the county court, in Franklin county, at September term, 1830, *Chief Justice Prentiss* presiding. The plaintiff obtained a verdict; and the action was brought to this Court for a hearing upon the points contained in the following bill of exceptions :—

" This was an action *on the case* for erecting a mill dam on lot. no. 21, in Enosburgh, across a certain stream, and flowing the water of said stream on to the plaintiff's land in Enosburgh, being lot no. 216, as by the declaration appears. Plea, *not guilty*. The plaintiff produced and read a deed from Eliphalet Dickinson to himself, dated June 3d, 1823, duly acknowledged and recorded, of certain lands in Enosburgh, described by metes and bounds, and known by name of lot no. 216. He also proved, that, in May, 1824, the defendant, being then the owner of lot no. 21, which adjoined the plaintiff's lot, built a dam thereon across said stream, which caused the water of said stream to flow on to the land included in the aforesaid deed to the plaintiff, and to cover from twelve to fifteen acres thereof ; and that the plaintiff commenced a possession on lot no. 216, under the deed aforesaid, by cutting down the trees, on about half an acre thereof in order to clear the same, prior to the erection of said dam by the defendant, which possession was followed up by improvements afterwards made on the lot by the plaintiff. On this evidence the counsel for the defendant insisted, that the plaintiff had shewn no title to lot no. 216 ; and moved for a nonsuit. But the court decided, that the deed from Dickinson to the plaintiff and possession by the plaintiff under the deed, were *prima facie* sufficient evidence of title in the plaintiff; and overruled the motion for a nonsuit. The defendant gave in evidence a deed from Amos Fassett to Abiather Waldo, dated March 10, 1805, conveying said lot no. 21 ; and proved, that Waldo took possession of the lot under said deed, which possession was transfered by him to one Daniel Chilson, and by said Chilson to the defendant, prior to the execution of the aforesaid deed from Dickinson to the plaintiff. The defendant also proved, that, at the time of the execution of the deed from Fassett to Waldo, which is to be referred to on the hearing of these exceptions, the road, mentioned in said deed, passed over a point of rocks immediately at the end of said dam, and that the dam did not raise the water of said stream so high as

FRANKLIN,
January,
1832.
———
Hull
vs.
Fuller.

the road in that particular place ; and the counsel for the defendant contended, that the deed conveyed the right of raising a dam to, and as high as, the road which passed over said point of rocks. But the court decided, that, by a just construction of the deed, the road mentioned therein limited the extent of the pond to be raised by a dam across said stream ; and the grantee under the deed had no right to erect a dam so as to flow the water to a greater extent than to the road, and consequently could not flow any part of the road thus prescribed as a limitation to the right. The defendant also proved, that, many years ago, the said Daniel Chilson built a dam in the same place where the defendant erected his dam, which flowed four or five acres of land : and, though not so high as the dam erected by the defendant, flowed the water over the lowest part of the road as it then ran, and that, in consequence thereof, the road was removed higher up the bank ; which dam continued until the defendant took possession of the lot no. 21, under the deed from Chilson to him, dated June 13, 1822 ; which is to be referred to on the hearing of this case. The court instructed the jury, amongst other things, that, if they found, that, by reason of the dam erected by the defendant, any part of lot no. 216, beyond the road mentioned in the deed from Fassett to Waldo, was flowed by water, which had not been flowed by the dam erected by Chilson, and that the plaintiff had entered into possession of lot no. 216, under his deed before the defendant erected his dam, and continued in possession thereof, the plaintiff was entitled to recover ; and they would give him such damages as he had sustained in consequence of his land having been thus flowed. To the several opinions of the court aforesaid, and the directions given to the jury, the counsel for the defendant excepted," &c.

After argument by *Smith* and *Brown,* for the defendant, and by *Hunt* and *Beardsley,* for the plaintiff,

THOMPSON, J., *delivered the opinion of the Court.*—The plaintiff, in the several counts of his declaration, complains of the defendant's flowing his, the plaintiff's, land, being lot no. 216, by means of a dam erected by the defendant, down the river, on lot no. 21, which adjoins said lot no. 216. The defendant pleaded the *general issue,* and the jury returned a verdict against him. On the bill of exceptions, allowed by the judges of the county court, the first question presented, is, whether the plaintiff showed a sufficient title to make a *prima facie* case against the defendant. The case shows, that, before the defendant erected his dam, the plaintiff obtained a deed of his lot, and took possession, by cutting the timber on about half an acre of the land, and following up the possession thus begun, claiming title to the whole lot under his

Franklin,
*January,*
1831.

Hull
*vs.*
Fuller.

deed. From this showing, it must, as against a stranger to title, be presumed, that the plaintiff has a good title : and the fee cannot be presumed to be in any one, who may hereafter sue for the same cause, as urged by the defendant's counsel. This objection cannot avail the defendant, unless he shows title, or actual prior possession in himself, or those under whom he claims.

The cause, then, must depend on the construction, which the Court shall give to the deed from Fasset to Waldo, under which the defendant claims. The prior possession of Chilson, though it might affect the measure of the plaintiff's damages, yet cannot affect the whole recovery, because Chilson's dam was lower, and his pond flowed less land, than those of the defendant. The descriptive part of the deed from Fasset to Waldo is as follows, to wit ; " Beginning at the N. W. corner of lot no. 21 ; thence running south 8 degrees west, about sixty rods to the south bank of the river ; thence running up said river on the south bank to the first falls ; thence continuing to run in such a direction, as to include a mill yard, and the whole of a mill pond, which may be raised by a dam on said falls, to a road that leads to the centre of Enosburgh ; thence easterly on said road to the north line of said lot no. 21 ; thence N. 82 degrees west, to the place of beginning." The plaintiff contends, that this deed must receive such construction, that the road shall limit the height and eastern boundary of the pond ; and that it will admit of no other construction. But the defendant contends, that it will admit of this, and two other constructions : 1st. That the pond might be raised as high as a dam, built at the falls across to the point of rocks, would raise it ; and 2d. that there is no limitation to the height of the pond, provided it should be raised by a dam on the falls ; that the reference to the road forms a boundary to the land, and not to the height or extent of the pond. It is to be remarked, that this deed is very vague and loose in many particulars. It gives neither courses nor distances in passing around the piece contemplated for a mill yard and pond. That is all left to be settled by what shall be found necessary, or obviously convenient. It is obvious, that the intention of the grantor was to convey land within some limits ; and not a mere privilege as to any part of the premises. It is equally obvious, that, in the description, the grantor had reference to the lines and boundaries of the land, rather than to any definite extent of the pond. The road, therefore, must have been regarded as the boundary of the land, and not as a limit of the pond. Upon any other construction, the land was wholly

26

FRANKLIN,
January,
1831.

Hull
vs.
Fuller.

undefined ; for there is  no boundary from  the falls to the road, unless it  be this around the mill-yard and pond ; and yet, when this boundary arrives at the road, it continues on by said road and the line of  the lot to the place of beginning.   This shows, that the description  given,  was  given as a description of the land itself. The result of all this must be, that the height of the dam, and the height and extent of the pond, were not, in  terms, limited at all. The law, however, would limit and control the enjoyment  and use of the grant, to the erection of such a dam as would afford  a reasonable use of the privilege.    And, when such should be built, and such a pond raised, as would effect such object, the  boundaries would thereby be established.   The grantee would have a right to build such a dam as could be built at the falls, and of such a height as would well answer the purposes of  the mills contemplated to be built there.   If this construction be correct, it is very clear that the merits of the suit have not been tried ; because the decision was made wholly  upon the ground, that the road  fixed the height and extent of the pond.   How far the privilege conveyed by this deed will be  binding on the  plaintiff, must depend on the facts . which may be developed on a future trial.

The judgement of the county court is reversed, and a new trial is granted.