POWELL M. CABOT ET AL. *v.* RUSSELL HEMINGWAY.

(58 A2d 823)

February Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1948.

*Sylvester & Ready* for the defendant.

*William R. McFeeters* for the plaintiffs.

STURTEVANT, J. The defendant brings this case here before trial on the merits, claiming that the court below committed error in transferring to equity an action at law which he brought against the plaintiffs in this case, Cabot and Holt, in Franklin County Court.

The record, among others, contains the following statement of facts.

> "By County Court writ dated September 3, 1947, the defendant in this action instituted a trespass action against these plaintiffs for the destruction of four "Duck Blinds" which the defendant had erected in so-called Charcoal Creek, in the Town of Swanton, and was making use of in his activities as professional guide."

> "Before the action could be tried, the plaintiffs instituted a Bill in Chancery in which they seek to establish the westerly line of certain property they own in the town of Swanton, adjoining Charcoal Creek, claiming that their westerly boundary is to the low water mark of Charcoal Creek, and that this low water mark is the thread of the Creek. In this Bill in Chancery the defendant was enjoined from prosecuting his action at law."

> "Subsequent thereto, hearing was had on the question of whether the defendant's action at law should be transferred to Chancery, and the injunction continued in force pending hearing on the issues joined by the Bill and Answer."

> "The matter came on for hearing on the 17th day of November, 1947, and an Order was made transferring the defendant's case at law to Chancery."

It is not disputed that if the westerly boundary of the land here in question is where these plaintiffs claim it to be, then the "blinds" destroyed by them were on their lands and in erecting and using them, Hemingway was a trespasser. However, Hemingway claims that these blinds were erected and maintained on lands which form a part of Lake Champlain and that he had a legal right to erect and maintain them at the places where they were when destroyed by Cabot and Holt. The location of the westerly boundary of land owned by Cabot in the town of Swanton will determine this question.

In their bill, the plaintiffs describe the lands in question, claim ownership in fee of those lands, and set out conveyances by which they assert title to same was acquired by them, or one of them. Paragraph 4 of the bill states as follows.

"That Russell Hemingway is a resident of Swanton, Vermont, whose principal business is that of a guide for sportsmen. And for several years he has maintained "blinds" to be rented to and used by duck hunters on the property described herein as the freehold of Powell M. Cabot. That he has done this continuously for several years, his trespasses being committed after full notice to him from the plaintiffs and their attorney. That he threatens to continue such trespasses in the future. That as a result of the trespasses there is a continuous damage to the freehold and to the wild life naturally harbored thereon. That protective measures have been and will be without avail, and damage to the property will be of such a nature that there is no adequate remedy at law for the plaintiffs."

■■ From these allegations in the bill, it appears that the plaintiffs were entitled to temporary injunctive relief. This they could not get in defending the suit at law since such relief is a matter of equity jurisdiction and therefore, they are properly seeking in chancery, a determination of the same question as is put in issue by the suit at law. *Barrell* v. *Renehan,* 114 Vt 23, 25, 39 A2d 330, and cases cited. Since equity has properly taken jurisdiction of the subject matter with which the action at law is concerned, it follows that the transfer of the law action to equity was without error because of the familiar rule that when equity takes jurisdiction for one purpose, it will retain jurisdiction until complete relief is granted. *O'Brien, Adm.* v. *Holden et al,* 104 Vt 338, 344, 160 A 192, and cases cited.

It follows that the transfer of the action at law to the court of chancery was without error. *Cause remanded.*