DANIEL HOWE'S EXECUTORS *v.* G. L. TOWNER AND OTHERS.

[IN CHANCERY.]

*Foreclosure. Description. Demurrer.*

The description of the premises in a petition to foreclose a mortgage was, "certain land, situate in Bridport and described as follows: it being our home farm, containing about one hundred and eighty acres." *Held,* sufficient on demurrer ; and that the further description, merely referring to certain deeds and records, neither helps nor hurts, and should be rejected.

PETITION to foreclose a mortgage. Heard on demurrer, December Term, 1882. POWERS, Chancellor, overruled the demurrer.

Copy of description of the land as set forth in the petition :

"Of certain land, situate in Bridport and described as follows: it being our home farm, containing about one hundred and eighty acres; and is the same and all the land described in deeds from Royal and Loraine Moseley, viz., to Ellen M. Towner, deed dated December 21, 1865, recorded in book No. 14, page 471; and deed to George L. Towner, dated May 15th, 1868, recorded in book 14, pages 642 & 643 of Bridport town records,—intending hereby to convey all the lands deeded to us, the said Geo. L. & Ellen M. Towner, by the said Royal and Loraine Moseley, except what we have sold and deeded to Fred Swenor."

*Lyman E. Knapp,* for plaintiff.

*Hard & Safford,* for defendants.

The opinion of the court was delivered by

ROWELL, J.    The mortgaged premises are first described in the petition as the home farm of the mortgagors, containing about one hundred and eighty acres.    Stopping here, we think the description sufficiently definite.    It means their home farm as it was at the time the mortgage was given, and includes the whole of it. Such a description in the mortgage would certainly convey the whole farm.    And it constitutes a pretty definite description, as the boundaries and limits of farms, and especially of home farms, are generally well marked and defined, so that any one acquainted with a farm can readily point it out and locate it.    Great particularity of description has not been usual in our practice in foreclosure proceedings.    It is quite common, though sometimes very inartificial, to describe the premises in the petition as they are described in the mortgage, without the aid of accompanying averments to help out indefinite descriptions; though in strictness the petition should describe the premises with sufficient certainty to enable the petitioner to point out the premises to the sheriff who serves the writ of possession.    That can be done in this case. The rest of the description in the petition neither helps nor hurts what goes before.    As matter of pleading it may and must be condemned and rejected, and the first part of the description left to stand without it.

Decree affirmed and cause remanded.