MARY L. WATKINS *v.* GEORGE W. CHILDS.

January Term, 1906.

Present: TYLER, MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed November 3, 1906.

*Equity—Jurisdiction—Bill to Determine Boundaries.*

It is not the business of equity to try titles to real estate.

Where neither irreparable mischief, a multiplicity of suits, nor oppressive litigation is threatened, a dispute between independent proprietors of adjoining lands as to the true division line is not sufficient ground for the interposition of a court of equity either

to ascertain and fix such boundary, or to determine the question of title involved.

APPEAL IN CHANCERY, Grand Isle County. Heard at Chambers, April 22, 1905, on demurrer to the bill. *Rowell,* Chancellor. Demurrer sustained, bill adjudged insufficient and dismissed with costs, and case referred to a master to determine the injunction damages. The orator appealed. The opinion states the case.

*H. S. Peck* for the orator.

*Lee S. Tillotson* for the defendant.

Where a bill is framed with the sole purpose of obtaining an injunction, and no other grounds of equitable relief are alleged, upon dissolution of the injunction the bill will be dismissed. *Am. Live Stock etc. Co.* v. *Chicago Live Stock Co.,* 143 Ill. 210, 18 L. R. A. 190; High, Injunctions, §1706.

POWERS, J. The bill shows that a controversy has arisen between the oratrix and the defendant as to the true location of the line dividing their adjoining lands in Grand Isle. That the defendant has, without right or authority, built a fence on a part of the line as he claims it, and threatens to complete the same along the entire length of the same, thereby cutting off a strip of her land several feet in width. There are allegations regarding a suit at law, but they add nothing to the equities of the bill. The prayer is for an injunction and "for such other and general relief as to the court shall seem meet." A temporary injunction was issued and dissolved, and the case comes before us on the demurrer incorporated into the defendant's answer.

Passing over the question whether this is anything more than an injunction bill which should be dismissed upon the dissolution of the injunction prayed for, we take up the question whether equity has, under the allegations, jurisdiction to determine the controversy referred to.

In answering this question in the negative, it is sufficient to say that the law court affords the oratrix a plain and adequate remedy. The existence of a dispute as to the boundary between independent proprietors of adjoining lands does not afford sufficient ground for the interposition of a court of equity to ascertain and fix such boundary. *Walker* v. *Leslie,* 90 Ky. 642. Nor will equity interfere to determine the question of title involved. 1 Pom. Eq. §177. "It is not the business of equity to try titles, and put one party out and another in." *Frost* v. *Walls,* 93 Me. 405.

Neither irreparable mischief, a multiplicity of suits, nor oppressive litigation is threatened, for the dispute can be settled in a single action of trespass.

*Decree affirmed and cause remanded.*