SALUSTIANO AGUIRRE ET UX. *v.* ANTONIO AJA ET UX.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 15, 1943.

*Finn & Monti* for the plaintiffs.

*T. Tracy Lawson* and *Fred E. Gleason* for the defendants.

SHERBURNE, J. The plaintiffs as husband and wife hold title to a lot of land at 155 Berlin Street in the City of Montpelier. The defendants are husband and wife, and the defendant Antonio Aja holds title to a lot adjoining and numbered 153. There is a com-

mon driveway between the houses upon the two lots, located one-half upon each lot. The plaintiffs in their bill of complaint allege that the defendants have committed certain trespasses upon the driveway and upon the plaintiffs' lot, and have threatened to prevent and do now prevent the plaintiffs from enjoying the driveway and using a portion of their lot, and that unless enjoined will continue such trespasses, and that they have no adequate remedy at law. The defendants filed an answer, and a cross-bill in which they allege in turn trespasses by the plaintiffs upon the common driveway and the obstruction of the same by them, and in which they pray that the plaintiffs be enjoined from further obstruction of it. In his findings the chancellor states that during and in the progress of the trial the plaintiffs waived and abandoned their claims of trespasses and threats and any claim for damages by reason thereof, and that the only issue remaining for consideration was the location of the common driveway and the ownership of a parcel of land located westerly of the northerly half of the common driveway. As to the trespasses alleged in the cross-bill the chancellor found that in 1939 the plaintiff Salustiano Aguirre in excavating a cellar for an addition to his house put dirt and stones from the excavation into the common driveway in such manner as to prevent the defendants' tenant from using it, and that such dirt and stones were later put back upon the plaintiffs' land by some boys. In his decree the chancellor merely located the northerly boundary of the plaintiffs' lot and the driveway, all as claimed by the defendants. The plaintiffs have appealed and filed a bill of exceptions.

 We do not reach a consideration of the merits of the case. It is not the business of equity to try titles to real estate, and the existence of a dispute as to the boundary between adjoining lands does not alone afford sufficient ground for a court of equity to ascertain and fix the boundary. *Watkins* v. *Childs,* 79 Vt 234, 65 A 81. It is not enough to allege jurisdictional facts; they must also be proved. Mere statements in a bill upon which equity jurisdiction might be maintained, but which are not proved, will not authorize a decree upon such facts of the bill as, if standing alone, would not give the court jurisdiction. While it is desirable to expedite legal proceedings and avoid unnecessary expense we cannot without jurisdiction retain a case after hearing

rather than put the parties to the expense of a new trial, because to adopt such a practice would do violence to well recognized rules of equity jurisdiction and make it possible to deprive a party of his right to a trial by jury merely by alleging facts that could not be proved calculated to give equity jurisdiction on the face of the bill. *Deerfield Lumber Co. et al* v. *Lyman,* 89 Vt 201, 208, 94 A 837.

While the bill in this case may have alleged jurisdictional facts, these were all waived and the plaintiffs sought merely to have the location of a common driveway and the ownership of a parcel of land determined. On their part the defendants in their cross-bill merely alleged trespasses upon, and the obstruction of, the common driveway. As to these the findings merely show the deposit of dirt and stones upon the driveway on one occasion. In neither the cross-bill nor in the findings is there reference to a threatened continuance of hostile acts by the plaintiffs or any other jurisdictional facts. For the injuries complained of the defendants have an adequate tort remedy. See *Wilson* v. *Wilson,* 2 Vt 68, 75.

In their brief upon the matter of jurisdiction the plaintiffs suggest that upon their cross-bill the defendants were entitled to a mandatory injunction to compel the plaintiffs to remove the dirt and stones from the driveway, and that therefore equity has jurisdiction. The cross-bill does not ask for such a mandatory injunction, neither is the point adequately briefed, so we do not consider it.

The chancellor should have dismissed the bill and cross-bill as soon as it came to his attention that the court of chancery had no jurisdiction of the cause. *Miner's Ex'x.* v. *Shanasy,* 92 Vt 110, 102 A 480; *Deerfield Lumber Co. et al.* v. *Lyman, supra.* An objection to jurisdiction over the subject matter is never out of time, and neither waiver nor consent can confer jurisdiction where it is not given by law; and a court will take appropriate action, whether moved by a party or not, when it is discovered. *Glass et al.* v. *Newport Clothing Co.,* 110 Vt 368, 373, 8 A2d 651; *Smith* v. *White's Estate,* 108 Vt 473, 480, 188 A 901; *Fuller & Co.* v. *Morrison,* 106 Vt 22, 169 A 9; *Barton* v. *Sutton,* 93 Vt 102, 106 A 583; *Fillmore, Admr.* v. *Morgan's Estate,* 93 Vt 491, 108 A 840; *Miner's Ex'x.* v. *Shanasy, supra,* and cases therein cited.

*Decree reversed, and bill and cross-bill dismissed for want of jurisdiction of the subject matter, with costs to the defendants.*