CONNECTICUT GENERAL LIFE INS. CO., *v.* HAROLD M. LEVIN ET AL.
(55A2d 127)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*McNamara & Larrow* for the defendants.

*Austin & Edmunds* for the plaintiff.

BUTTLES, J. The plaintiff in 1929 issued a policy of insurance on the life of the defendant Levin which contained a provision for the payment of double indemnity in case of the death of the insured by accident and a provision for waiver of premiums and payment of benefits in the event of the insured's becoming permanently and totally disabled, extra stated premiums being required to cover these benefits. The policy lapsed for failure to pay the premium due Sept. 16, 1942, and the extended insurance provision of the policy became operative. Thereafter the policy was reinstated upon written application of the insured dated Nov. 4, 1942. This application contained certain statements and answers to questions which the plaintiff alleges were false and fraudulent although it believed them to be true and acted upon them in reinstating the policy.

As of Jan. 28, 1944, the insured made application for disability benefits under the policy, claiming total disability from Oct. 30, 1943. An investigation followed which disclosed, the plaintiff alleges, that the statements and answers made by the insured in his application were false and fraudulent. It therefore elected to rescind the reinstatement and tendered to the insured all premiums that had been paid in connection therewith with accrued interest, which tender was refused. On Feb. 7, 1946, the defendant Levin brought an action at law in Chittenden County Court for claimed disability benefits. The plaintiff in the present chancery suit begun thereafter prays the cancellation of both the double indemnity and disability provisions of the policy, and that the defendants be enjoined from further prosecution of the action at law or any other action seeking to recover such disability or double indemnity benefits.

The defendant demurred to the complaint on the grounds that the plaintiff has an adequate remedy by way of defense to the defendant's action at law, and that the cancellation of the double indemnity clause of the policy is not here a matter in controversy between the parties or any of them. The case comes here on defendant's exception to the decree of the chancellor overruling the demurrer. The demurrer of course admits, for purposes of its consideration, the plaintiff's allegations that the statements of the insured were fraudulent and material and were relied upon by the insurer in reinstating the policy. *Bowen* v. *Grand Trunk Ry. Co.*, 86 Vt 483, 86A 306. The jurisdiction of equity to give relief in a proper case of this kind by injunction, cancellation or otherwise is not questioned.

The facts in the case of *New York Life Ins. Co.* v. *McLaughlin*, 112 Vt 402, 26A2d 108, 112, were very similar to those in the present case. Two policies issued by the plaintiff in 1925 on the life of the insured defendant provided for double indemnity and disability benefits, for each of which an extra premium was payable. Each of the policies, like the one in the present case, provided that it should be incontestable after two years from its date of issue except for non-payment of premiums and except as to provisions and conditions relating to disability and double indemnity benefits. The McLaughlin policies lapsed for failure to pay premiums due Sept. 2, 1937. Soon thereafter they were reinstated upon written application of the insured. Some time later the insured made ap-

plication for total and permanent disability benefits, and upon the application being refused commenced an action at law for the recovery of such benefits. Following this the insurer brought suit in chancery praying that the double indemnity and disability provisions of the policies be cancelled, that the insured be enjoined from prosecuting his action at law and that all of the defendants be enjoined from beginning any action to enforce these provisions, on the ground that the insured had made false and fraudulent representations in his application for reinstatement.

A question being raised as to the effect of certain of the chancellor's findings and the necessary inferences therefrom, this court sustained the plaintiff's contentions in regard thereto and directed the entry of a decree granting the relief prayed for. At the end of the opinion the court said: "Since the bill in equity seeks cancellation of the double indemnity provision, concerning which no question can be raised in an action at law until the death of the insured, it sufficiently appears that equity has jurisdiction." The plaintiff contends that the similarity of the facts is such as to make the decision in the McLaughlin case at least strongly persuasive of the issue now before us. But the defendant contends that the statement referred to cannot be given the effect claimed for it here, since it does not appear that the McLaughlin policy contained the provision of the Levin policy which reads thus: "the double indemnity provision shall terminate if either the paid up or extended insurance provision becomes effective, or if premiums are being waived in event of total and permanent disability." The result is claimed to be that whichever party prevailed in the insured's action at law the judgment therein would render the double indemnity provision of the policy void thereafter. This might result if the insurer defendant in that action prevailed, thereby restoring the policy to its status after lapse and before reinstatement and making the continued insurance provision again effective, but we are not satisfied that it would be true if the insured plaintiff in that action prevailed leaving the policy as it now is after reinstatement. The defendant herein cites no authority for his contention which he bases mostly upon a construction of the word "terminate" in the quoted provision as meaning a final ending without possibility of being restored.

But the plaintiff insurer makes a strong argument contra, based upon a comparison of the provision relied upon by the defendant

with another provision of the policy under the heading "Protection in the event of total and permanent disability" which reads: "If the insured has so far recovered as to be able again to engage in some occupation or employment for wage or profit, any disability benefit other than for loss of limb or sight . . . shall terminate; monthly payments shall thereupon cease and no further premiums will be waived; the insurance, subject to the payment of future premiums will be continued as if all premiums had been paid."

It is not necessary here to consider the merits of these respective claims. Enough appears to indicate that in the event of the death of the insured by accident at some future time a bona fide controversy might well arise based on the interpretation of these provisions, from litigation of which the then beneficiary could not equitably be barred by a prior judgment in a law action to which he was not a party.

*Brown* v. *Pac. Mut. Life Ins. Co.*, 62 F2d 711, was a suit to obtain rescission and cancellation of a policy of life and disability insurance on the ground of fraud in the application. It was held that defense to a pending law action on the policy did not afford adequate relief, as claimed, mainly because the beneficiary was not a party to that action. In *Terry* v. *New York Life Ins. Co.*, 104 F2d 498, cancellation was sought of the disability and double indemnity provisions of a life insurance policy on the ground of fraud. The insured had become insane and the policy provided for the payment of disability benefits to the beneficiary in that event. Relief in equity was granted largely because in a future action at law the beneficiary might not be a party. For similar holdings in similar cases see *Equitable Life Assurance Soc.* v. *Saftlass*, 38 Fed. Supp. 708, and *Ruhlin* v. *New York Life Ins. Co.*, 93 F2d 416.

Other reasons considered by the courts in holding the remedy by defense of a legal action to be inadequate in such cases include the fact that a defense at law does not embrace the equitable relief of cancellation or surrender of the contract; that a verdict for the defendant in the law action might be rendered on a ground other than fraud, a special verdict being necessary to establish fraud, and the court might not require the jury to render a special verdict; that the trial of the law case might be delayed by one means or another until evidence had been lost or witnesses necessary to the defense had disappeared. See cases before cited; also *New York Life Ins. Co.* v. *Steinman*, 103 NJ Eq. 403, 143A 529.

In *Terry* v. *New York Life Ins. Co., supra,* it is said that it is now settled that the issue in such a case as this is not one of jurisdiction, but is one of the need and propriety of equitable relief. Where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law. *Amer. Life Ins. Co.* v. *Stewart,* 300 US 203, 57 S Ct 377, 380, 81 L Ed 605, 111 ALR 1268, an insurance cancellation case, quoting from *Davis* v. *Wakelee,* 156 US 680, 15 S Ct 555, 39LEd 578.

We have considered all of the grounds upon which the plaintiff has urged the inadequacy of relief by defense of the action at law. It appears that such relief was not sufficiently prompt, certain and efficient to require it to speculate thereon and deprive it of relief in equity.

*Decree overruling the defendant's demurrer affirmed.*