EDWARD W. CURTIS *v.* GEORGE O'BRIEN ET AL.

(84 A2d 584)

October Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed November 6, 1951.

*Thomas F. Mangan* and *Edwards & Bigelow* for the defendants.

*Vernon J. Loveland* and *Donald H. Hackel* for the plaintiff.

SHERBURNE, C. J.   This is a petition to the court of chancery in Rutland County for a declaratory judgment to settle a boundary dispute in wild woodland territory in Fair Haven.   It alleges that the plaintiff is the owner in common of real estate known as the Burns lots by virtue of four quit-claim deeds from the heirs of John, George and Bridget Burns, of which it only gives the dates and books and pages where recorded, and that the defendant

O'Brien claims to be the owner of a lot of land under a deed in which the premises are described as follows:

> "Bounded on the north by land of Terence Sloan; on the east by Glen Lake, so-called, on the south by lands of H. K. Sheldon and George Burns and on the west by lands of Mrs. Patrick Leamy, containing 40 acres more or less, * * *"

The petition further alleges that defendant O'Brien claims and has marked out in paint a boundary upon plaintiff's land more than 90 rods south of said O'Brien's true boundary line, and enclosing approximately 120 acres and much more land than his said deed calls for; that the plaintiff is informed and believes and therefore alleges that said O'Brien is entering or has entered into a contract with defendant Gilmore for the sale of all or a part of his said premises; that both of the properties are unenclosed and unoccupied; that said O'Brien's boundary claim prevents the plaintiff from disposing of his interest in said property, and from enjoying the full use and benefit thereof; that the plaintiff fears said O'Brien may acquire some rights by adverse possession; that the plaintiff has no adequate remedy at law; and that the plaintiff has suffered, is suffering, and is threatened with further sufferance of irreparable loss and injury. The defendants demurred upon the grounds of lack of equity jurisdiction, an adequate remedy at law, and that, because the court will have to pass upon disputed questions of fact, no proper case for a declaratory judgment has been made out. In oral argument below the additional ground was urged that boundary disputes generally are not proper subjects for declaratory judgments, because the actions of trespass and ejectment will settle the problem as expeditiously. The demurrers were overruled and the defendants have excepted.

The Uniform Declaratory Judgments Act is set forth in V. S. 47, Chapter 77, §§ 1629 to 1644. § 1629 provides:

> "County courts, courts of chancery and probate courts, within their respective jurisdictions, shall have power to declare rights, status and other legal relations, whether or not further relief is or could be claimed. * * * "

§§ 1630 to 1632 enumerate special instances where this remedy is available.  § 1633 provides:

> "The enumeration in the three preceding sections does not limit or restrict the exercise of the general powers conferred in § 1629, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

§ 1634 provides:

> "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

§ 1637 provides:

> "When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried in the court in which the proceeding is pending and determined in the same manner as issues of fact are tried and determined in other civil actions."

§ 1640 provides:

> "This chapter is declared to be remedial.  Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations and is to be liberally construed and administered."

§ 1643 provides:

> "This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it, and as far as possible to harmonize with Federal laws and regulations on the subject of declaratory judgments and decrees."

Under the provisions of § 1629 it is clear that such a petition

56

cannot be brought to the court of chancery unless such facts are alleged as will give that court jurisdiction of the subject matter. Referring to the words "within their respective jurisdictions" it is stated in *Maine Broadcasting Co., Inc.,* v. *Eastern Trust & Banking Co.,* 142 Me 220, 49 A2d 224. "The purpose of this statute is not to enlarge the jurisdictions of the courts to which it is applicable but to provide a more adequate and flexible remedy in cases where jurisdiction already exists. The act by its very terms so indicates." This case quotes the following from Anderson, Declaratory Judgments, 81 : "* * * it is the undoubted weight of authority, sustained upon unassailable reasons, that the declaratory judgment statutes do not have the effect of increasing or enlarging the jurisdiction of the courts." It also quotes from Borchard, Declaratory Judgments, 2d ed. 233, as follows : "It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject matter and parties, although it manifestly has opened to prospective defendants—and to plaintiffs at an early stage of the controversy—a right to petition for relief not heretofore possessed. In that sense, it has decidedly extended the power of courts to grant relief in cases otherwise within their jurisdiction to pass upon." See also 62 Harvard Law Review 787, 798.

■ In the absence of some ground for injunctive relief, such as irreparable damage or threatened trespasses, it is not the business of equity to try titles to real estate, and the existence of a dispute as to the boundary between adjoining lands does not afford sufficient ground for a court of equity to ascertain and fix the boundary. *Turner* v. *Bragg,* 113 Vt 393, 397, 35 A2d 356 ; *Aguirre* v. *Aja,* 113 Vt 113, 124, 30 A2d 88 ; *Watkins* v. *Childs,* 79 Vt 234, 236, 65 A 81.

■ The mere fact that defendant O'Brien has marked out a boundary constitutes at the most a single trespass. It is evidence of a claim, but not an act of possession. *Kidder* v. *Kennedy,* 43 Vt 717, 728. There is no allegation of any other threatened trespasses or that O'Brien has taken possession claiming to occupy to the painted line. The fact that he may be entering into a contract with defendant Gilmore, or that he has entered into a contract with him, for the sale of all or a part of his said premises does not show an act of possession or a trespass. It merely shows a part of what may need to be alleged to possibly constitute a cloud or threatened cloud upon the title in favor of Gilmore, but as the plaintiff makes

no such claim we need not explore that possibility. Since the premises are wild land, unoccupied and uninclosed none of the parties are in actual possession. The fact that O'Brien's boundary claim prevents the plaintiff from disposing of his interest in the property does not give equity jurisdiction. That is apt to be the effect of any disputed boundary. Nor, in the absence of any possessory acts on the part of O'Brien, does plaintiff's fear that he may acquire some rights by adverse possession give equity jurisdiction. The averment that the plaintiff has no adequate remedy at law is not admitted by the demurrer. *Boutwell* v. *Champlain Realty Co.*, 89 Vt 80, 93, 94 A 108. Nor does the demurrer admit the allegation that the plaintiff has suffered, is suffering and is threatened with further sufferance of irreparable loss and injury, as that is a conclusion of law. See *Holman* v. *Randolph National Bank*, 98 Vt 66, 74, 126 A 500.

█ Since the Rutland county court has jurisdiction to try titles to land in Fair Haven in the actions of ejectment and tort for trespass on the freehold (V. S. 47, § 1604) the plaintiff should have brought his petition to that court. That remedy was availed of in *Proulx* v. *Parrow*, 115 Vt 232, 56 A2d 623, to determine the dividing line between adjoining land owners. Contrary to the claim of the defendants § 1637, supra, contemplates the determination of disputed issues of fact in such a proceeding.

█ The defendants insist that the remedies of ejectment and tort for trespass on the freehold are ample, and that therefore a declaratory judgment is not available. All parties refer us to an annotation in 172 ALR 847, where a large number of cases are cited under the Federal Declaratory Judgments Act, 28 USCA §§ 2201, 2202, the Uniform Declaratory Judgments Act, and state acts other than the Uniform Act. The annotator well sums up the situation when he states : "An examination of the cases cited * * * appears to warrant the following conclusions : (1) that courts are becoming progressively more liberal in assuming jurisdiction of actions for declaratory judgments where other remedies are available ; (2) that, by the weight of authority, it rests in the discretion of the court whether to accept or refuse jurisdiction of proceedings for declaratory relief where other remedies may be pursued ; (3) that courts will decline jurisdiction of actions for declaratory judgments where a coercive or executory remedy is not only presently available and adequate, but is better, more effective and convenient ;

but that they will entertain jurisdiction although another remedy is adequate where the proceeding for declaratory relief will serve some useful purpose." The annotation shows that on the face of the decisions under the Uniform Declaratory Judgments Act, there is considerable conflict, not only between, but within, jurisdictions, as to the effect of the existence of other adequate remedies upon the jurisdiction of proceedings for declaratory judgments, and that the majority of decisions seemingly hold that jurisdiction for declaratory relief is barred where other adequate remedies or equally serviceable remedies are available; but that there are many cases which hold that a proceeding for a declaratory judgment is a cumulative remedy, jurisdiction of which is not absolutely barred by the existence of some other remedy. *Maine Broadcasting Co., Inc.* v. *Eastern Trust & Banking Co., supra,* belongs in the latter group, and holds that where a controversy exists a proceeding for a declaratory judgment may be maintained even though another remedy is available, and that to hold otherwise would do violence to the statute which provides in § 1 (which is like our § 1629, supra) that the remedy is available "whether or not further relief is or could be claimed." We agree and likewise hold, subject to the right of the court to refuse jurisdiction where a judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding, as stated in § 1634, supra. As the Maine court states, "the statute is remedial and should receive a liberal construction in order that the purpose which the Legislature had in mind in enacting it may not be thwarted." See § 1640, supra.

*The judgment overruling defendants' demurrer is reversed, and the cause is remanded with leave for the plaintiff to apply for permission to amend his petition into the Rutland County Court, pursuant to V. S. 47, § 1619. Should no application be made within 30 days after remand, the Chancellor will dismiss the petition. Let the defendants recover costs in this Court.*