EVA BAKER *v.* EMIL KOSLOWSKI.

(85 A2d 500)

November Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1952.

*Osmer C. Fitts* and *Philip H. Suter* for the plaintiff.

*Gibson & Crispe* for the defendant.

ADAMS, J. This is a bill in chancery brought to determine the rights of the parties in and to a 40 foot right of way, for damages and injunctive relief against continued trespasses. The case was heard on the bill of complaint, answer and cross bill, replication and oral testimony. Findings of fact were made and a decree entered. Both parties have briefed the case as here on the plaintiff's exceptions to the decree.

The only point briefed by the plaintiff as the excepting party is in regard to the injunctive part of the decree wherein injunctions were issued against both parties. The only question raised by a general exception to a decree is whether it is warranted by the pleadings and supported by the findings. *Vermont Motor Co., Inc.* v. *Monk,* 116 Vt 309, 311, 75 A2d 671.

The bill of complaint alleges that the defendant has put sand, gravel and other substances on the right of way and has also put and pushed snow thereon thereby rendering it impassable to the plaintiff from her premises and that he had by himself and by business invitees obstructed the right of way and the plaintiff's use thereof by parking motor vehicles thereon and that he threatens to continue his acts. It prays in part that the court "determine that the defendant has threatened to continue to interfere and obstruct and harass your plaintiff in her proper use * * * * of the forty foot driveway and * * * * be restrained from obstructing and harassing" and for damages.

It appears from the findings that the driveway or forty foot strip is owned by the defendant and is located just southerly of and adjoining the plaintiff's premises and is subject to use by the plaintiff

as a driveway; that the defendant has put gravel and snow on part of the right of way thus preventing the plaintiff from using that part of it; that the customers of a tavern where the defendant lives which is located southerly of and adjoining the forty foot strip had, from time to time with the defendant's knowledge, parked cars on the right of way so as to interfere with the plaintiff's right to use all or any part of it and that this occurred almost every Friday and Saturday night after 9 P. M. and that the placing of gravel on the right of way and piling and plowing snow thereon had caused the plaintiff damage which was found to be $50.

The plaintiff claims that, by reason of finding number 25 which reads:—"Any automobile or other vehicle parked on said right of way obstructs the plaintiff's and defendant's free use of it for travel purposes," she was entitled to an injunction prohibiting all parking on any part of the right of way and that it was error to grant an injunction that merely prohibited the defendant from "parking automobiles on said right of way in such a manner as to interfere with the plaintiff's free use of said right of way." She singles out the parking part of the injunction only and says that it should have been made more drastic. As has been observed, the findings show that the putting of gravel and the shovelling and piling of snow on the right of way as well as the parking of automobiles on it interfered with the plaintiff's use of it. The chancellor made no distinction in the injunction between the parking of automobiles and the putting of snow and gravel on the right of way so as to interfere with the plaintiff's use thereof and the injunction also contained a general prohibition from interfering in any manner with the plaintiff's use of the right of way. In this connection, it should be observed that the finding of damages caused to the plaintiff of $50. was because of the gravel and snow episodes only. Apparently those, in the mind of the chancellor, were of more detriment to the plaintiff than the parking.

The plaintiff, in her brief, says that if the wording is left as it is in regard to the parking it will only lead to confusion and disagreement as to what parking interferes with the free use of the right of way by the plaintiff and what parking does not interfere with the free use of it. The answer to this argument is that the prohibition in regard to putting snow or gravel on the right of way or interfering in any manner with the free use of it by the plaintiff and the prohibition against parking are all limited in the same manner. There is

as much chance for confusion and disagreement over what putting of snow and gravel or the doing of other acts on the right of way interfere with the free use of it as with what parking interferes with the free use of it. There could even be a disagreement as to what constitutes parking even if it was prohibited entirely. If the parties wish or anticipate further trouble over the acts of each other in regard to the use or obstruction of the right of way, as it is apparent, from the allegations in the bill of complaint and cross bill and from the findings, they have had in the past, no words in the English language would be likely to prevent it. Where there is a will there is a way. There is no merit in the claim that the prohibition in regard to parking will result in confusion and disagreement when there is the same language used in the prohibition in regard to other acts. There is nothing in the record that would justify a reversal because the prohibition is not more drastic than it is against other acts. This is especially true when the findings show it is the other acts that have caused the damage to the plaintiff instead of the parking.

There was an injunction issued restraining the plaintiff from interfering in any way with the defendant's use of the right of way; from parking automobiles on the right of way so as to interfere with the defendant's free use thereof and from putting snow thereon that would interfere with the defendant's free use of it. The plaintiff says in her brief there was no basis for this injunction against her because there is no finding as to repeated hostile acts nor threat to continue such acts on the part of the plaintiff against the defendant.

An examination of the cross bill shows that in its allegations of conduct by the plaintiff it is practically a duplicate of the bill of complaint in its allegations of conduct by the defendant except as to the allegations about gravel. It further alleges additional acts by the plaintiff including the erection of a garage, a corner of which was on the right of way, that the plaintiff erected an eaves-trough which collects water from the building and placed it in such a position that it discharges water upon the driveway. It alleges a threatened continuance of the plaintiff's acts.

The findings show that in 1929 the plaintiff built a garage on the southerly part of her property and that the southwest corner of it was about eighteen inches southerly of the northerly boundary of the right of way; that in 1936 she built a new garage on the same location and that she has acquired title to that part of the right of

way by adverse possession. They further show that the eaves-spout on the garage that discharged water onto the right of way caused small gutters and some mud on it before the defendant put the gravel thereon. The decree ordered that the plaintiff, within thirty days after its filing, cause the eaves-spout to be relocated so it will not discharge water directly onto the right of way, the chancellor having found there was no evidence of water having flowed from it for more than fifteen years.

The findings further show that people visited the plaintiff and delivery vehicles stopping at her residence parked at various times on the right of way ; that during the snow season the plaintiff, in clearing snow from her premises placed it on the right of way and that, during the snow season when the right of way was shoveled or plowed by the defendant, the plaintiff caused snow to be placed on that part of the right of way already cleared of snow by the defendant. We take judicial notice that there is a snow season of considerable length each year in Vermont.

In connection with the acts of the plaintiff it must be remembered that the defendant owns the land where the right of way exists and the only right the plaintiff has therein is to use it for right of way purposes. The right to use it for those purposes did not include building and rebuilding part of her garage on the land, discharging water from the eaves-spout on it or clearing snow from her premises and placing it on the right of way. Much less, after the defendant had shoveled or plowed the right of way, did the plaintiff have the right to cause snow to be placed on that part of it already cleared of snow by the defendant. All the things that the plaintiff did as found by the chancellor were hostile and injurious to the rights of the defendant as owner of the land on which the right of way existed.

The plaintiff relies upon the case of *Aguirre* v. *Aja,* 113 Vt 123, 30 A2d 88, as sustaining her position that injunctive relief against her is not warranted by the facts found. That case is not in point. There the dispute was about the ownership and location of a common driveway and trespasses thereon. The findings there showed that on the bill of complaint no issue was left except the location of the driveway and on the cross bill there was a finding that the plaintiff on one occasion put dirt and stones on the driveway while excavating a cellar for an addition to his house. The holding was that all jurisdictional facts were waived and taken out of the bill and that

for the one injury complained of by the defendants they had an adequate remedy at law and equity had no jurisdiction.

Equity will interfere to prevent the commission of repeated acts done or threatened, which are wrongful and injurious to the rights of another. *State* v. *Malmquist,* 114 Vt 96, 107, 40 A2d 534; *Barrell* v. *Renehan,* 114 Vt 23, 25, 39 A2d 330, and cases cited. No recapitulation of the findings in the instant case is necessary to show that instead of one act done under the circumstances set forth in the finding in the Aguirre v. Aja case, there are here repeated manifest wrongful, injurious and hostile acts by the plaintiff against the rights of the defendant.

The findings show both parties at fault and an injunction was properly issued against both. They were treated alike as to the injunctions. It is not too hard to visualize that the controversy would be enhanced rather than lessened if only one party had been enjoined. The foregoing shows that the decree is proper as against a general exception to it as briefed by the parties and disposes of the case on its merits which we prefer to do if and when we can.

It seems advisable, however, that, in this case, we indulge in some observations for cautionary purposes. The record here as printed and before us shows that the excepting party has no exception to the decree. The only mention of exceptions is in the bill of exceptions. It is stated therein, "Exceptions allowed subject to amendment within thirty (30) days." In the case of *Trask* v. *Trask's Estate,* 99 Vt 353, 354, 132 A 136, 137, this Court held that the statement in the bill of exceptions, "Exceptions by appellant allowed," did not create an exception of any kind. We recently, in the case of *Abel's Inc.* v. *Newton,* 116 Vt 272, 74 A2d 481, had occasion to comment upon and cite the Trask case with approval. These cases merit attention, especially in view of what the bill of exceptions and record show here and we mention them for that purpose.

*Decree affirmed.*