LAURA PORTER FULLER *v.* CLAUDE E. WATKINS.

(90 A2d 444)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

Opinion on Motion for Reargument Filed July 29, 1952.

*Leary and Leddy* and *Guy M. Page* for the plaintiff.

*A. Pearley Feen* and *Paul D. Sheehey* for the defendant.

CUSHING, J. This is a suit in chancery in which the plaintiff seeks injunctive relief against the defendant. The matter was heard on bill and answer and oral testimony. Findings of fact were made and decree rendered by the chancellor as more fully appears herein. The case is here on an exception to one finding and to the decree.

Prior to the 28th day of September, A.D. 1894, Bernard H. Porter was the owner of what is commonly known as Colchester Point in the town of Colchester, together with Ben Laws Island, a body of land of approximately seven acres in Lake Champlain, lying northerly of Colchester Point at a distance of approximately a half mile. On the 28th day of September, 1894, Porter by his quit-claim deed conveyed to E. S. Watkins of Rutland and eight others an undivided nine-tenths interest in Ben Laws Island, together with a right of way across the grantee's farm "where I travel."

Colchester Point is a portion of the farm of approximately 150 acres owned by Bernard H. Porter until his death December 15, 1925. Homer Porter, his son, was appointed administrator and closed the estate in 1934. August 11, 1931, the westerly part of Colchester Point, comprising approximately 15 acres, became the property of Laura Porter Fuller, the plaintiff herein, daughter of Bernard, by quit-claim deed of the other Porter heirs.

The defendant is now sole owner of Ben Laws Island.

According to a map introduced by the plaintiff and herein and in the chancellor's findings and decree referred to as "Plaintiff's 1,"

two roads are indicated as branching from the main road running along the south beach, so-called. One turns northerly at nearly right angles, crosses the peninsula and comes out on the north beach. It traverses a swampy section for nearly half its length and is called the "swamp road." The other extends in a westerly and northwesterly direction to the northwest end of the peninsula where is located the cottage occupied by the plaintiff. The former road is indicated as "X Y" and the latter as "X S."

This controversy arises from the conflicting claims of the parties over the location of the right of way. Plaintiff claims that defendant's right is across the peninsula by the road "X Y," whereas defendant in accordance with the findings claims that he has a right of way over the roads "X S" and "X Y."

The chancellor finds in his second finding that the quit-claim deed contains the following clause:

"I also convey to said grantees a right of way across my farm where I travel, subject to what gates I or my heirs or assigns may require, it being understood and made a part of this contract or sale that said grantees or their successors or assigns shall never ask for an open road across my farm. If they do then this deed shall be null and void."

Plaintiff's first exception is to a part of the chancellor's 26th finding which reads as follows:

"26. That during the lifetime of Bernard Porter, he gave the defendant and the defendant's father permission to use the route from "X" to "S" on plaintiff's exhibit 1, which is being used by the defendant at the present time and such route was established by the parties to the deed as a practical, reasonable and accessible way to get to said island with teams during high water, or with automobiles."

The portion excepted to by the plaintiff is that reading as follows: "And such route was established by the parties to the deed as a practical, reasonable and accessible way to get to the island with teams during high water or with automobiles," on the ground that this part of the finding was not warranted or supported by the evidence and was a conclusion not warranted by the evidence and is immaterial and inconsistent with findings 11 and 12.

Findings 11 and 12 referred to in the exception read as follows:

"11. That during the period from 1890 to about 1900 no one went to the island by way of the road across the Point and designated as "X S" on the plaintiff's exhibit 1."

"12. That during the period from 1890 to about 1900 persons going to the island did so by way of the Swamp Road, so-called, marked "X Y" on plaintiff's exhibit 1, and then through the water to a sand bar located on the easterly side of the island."

We first consider whether that part of the finding which is excepted to is warranted and supported by the evidence.

In support of this portion of the finding defendant calls to our attention that there was evidence tending to show that the route "X S" was the only passable route for teams and automobiles during high water; that Bernard Porter in his lifetime transported persons to Laws Island by this route and that this road has been used continuously for over thirty years by persons going to Laws Island and that the defendant's right to use the road was not questioned until 1948.

This evidence has no tendency to show that the original grantor and the grantees established that route as a practical, reasonable and accessible route to get to Laws Island with teams or automobiles during periods of high water. Furthermore, we have searched the transcript and do not find any evidence having that tendency. At most the above evidence simply tends to show that the route could have been and was used by permission as set forth in that part of finding number 26 to which exception was not taken.

For the foregoing reasons it is not necessary to consider whether or not findings 11 and 12 are inconsistent with that part of finding 26 to which exception is taken.

■ The plaintiff excepted to the decree on the ground that the same is not warranted or supported by the findings, and the facts found are insufficient to support said decree, and on the findings the decree should have been entered giving the plaintiff the relief prayed for in her bill of complaint. The exception to the decree raises the one question as to whether it is warranted by the pleadings and supported by the findings. *Vermont Motor Co., Inc.* v. *Monk et al,* 116 Vt 309, 311, 75 A2d 671.

■ The next question is : is that part of finding 26 to which exception is taken immaterial so that it may be rejected without disturbing the decree? An exception to an immaterial finding is unavailing. *Turner* v. *Bragg,* 113 Vt 393, 398, 35 A2d 356, and cases cited.

The defendant attempts to justify the decree by force of certain findings : That the defendant had used this road, "X" to "S" ever since 1923 in getting to and from Laws Island ; that this road had been used continuously since 1918 by persons going to and from Laws Island, except for a short period in 1937 when the road was out of repair ; that until 1948 the defendant's right to use the road as a right of way to reach Laws Island was never questioned ; that previous to 1923 the defendant had parked wagons and horses at the same place where he now parks cars ; that at all times since 1918, except when the road was out of repair, automobiles and other vehicles have been parked by the defendant and travelers to the island in the same parking place as is now being used by the defendant. Also, the defendant started to use this road, with his automobile, to get to the island in 1923 ; that previous to 1923 the defendant had parked wagons and horses at the same place where he now parks cars ; and that this road has been used continuously since 1918 by persons going to and from Laws Island.

These findings must be construed in connection with other findings in the case. That part of finding 26 which is unexcepted to, shows that the defendant and the defendant's father were given permission by Bernard Porter, original grantor in the deed, to use this route.

By finding No. 8 it is found that while Celein John Porter was operating his father's farm he gave the defendant permission to use any part of the farm in getting to and from the island and instructed the occupant of the farm to accord him the same privileges. And by finding 25 it is found that Homer Porter, as administrator of the Bernard Porter estate, gave his approval and acquiescence to the use of said road by the defendant.

It is apparent from a study of these findings and the findings as a whole that the use of route "X S" was by permission and acquiescence and not by virtue of its establishment by the parties to the deed.

■■ The right to use the road "X S" having been found to

be by permission it was not adverse, which is one of the essential elements to establish a prescriptive right, and would not ripen into title however long continued. *Davis* v. *Union Meeting House Society,* 93 Vt 520, 526, 108 A 704; *In re Fisher's Estate,* 104 Vt 37, 40, 156 A 878. The burden was on the defendant to establish his prescriptive right if he had one. *Barber* v. *Bailey,* 86 Vt 219, 223, 84 A 608, 44 LRANS 98.

It is apparent from the foregoing that the decree can be supported only on the ground of the establishment of a right of way by the parties to the deed in accordance with that part of finding 26 to which exception is taken, and, therefore, such finding is material to sustain the decree.

The exceptions to the finding and to the decree must be sustained.

*Decree reversed and cause remanded with directions to enter a decree in favor of the plaintiff and that an injunction be issued in accordance with the prayer of the plaintiff's bill of complaint as set forth in paragraph 3, subdivisions (a), (b), (c) and (d) thereof. Let the plaintiff recover her costs in this Court.*

## On Motion For Reargument

Cushing, J. The defendant has filed a motion for reargument on the ground that the opinion ignores and does not determine an issue briefed and argued in support of the decree, that if the deed of 1894 granted a defined right of way which was the swamp road, so-called, that right of way was changed to the route presently used by the defendant by mutual consent of the parties to the easement.

Although this issue or claim is not mentioned in the opinion it was not overlooked or ignored. The claim was inadequately briefed. Certain cases were cited for the purpose of showing that a right of way can be changed by mutual consent of the parties to an easement, but no attempt was made to call our attention to any finding showing such a change or from which a change might be inferred. We did not consider it necessary to comment upon abstract principles of law in the absence of some showing of facts to which they might apply.

The opinion, after mentioning the deed of 1894, quotes from findings 11 and 12, showing that from 1890 to 1900 no one went to the island by way of the road across the Point designated as "X S,"

but persons going there did so by the swamp road "X Y," and states that the defendant in accordance with the findings claims that he has a right of way over the roads "X S" and "X Y." This statement is based upon finding 31, that in 1948, the defendant claimed he had a right to use both the road across the swamp and the road across the Point. A change in the route, as claimed would be a substitution of the route "X S" across the Point for the swamp road "X Y." Webster's New International Dictionary. In his brief the defendant used the term "substituted way" as applying to the route across the Point designated "X S." Defendant's claim of the right to use both routes negates his consent to a substitution. Without his consent there could not be a mutual consent of the parties to the change.

We could have mentioned that finding 6 shows that the swamp road was used by the defendant in the winter time in filling his ice house on the island, and that in 1934, he tried this route two or three times in an automobile until in the end he had to be pulled out of the lake by a tractor, and that since that time he has not used this route in the summer time.

We find nothing in the findings to support the statement in defendant's brief on this motion, that the chancellor found that permission was given to change the location of the right of way and that, on the basis of the acts and acquiescence of the parties, the right of way was established in that changed location, nor do we think this can fairly be inferred from the facts found. This ignores finding 31 that in 1948 the defendant claimed he had a right to use both routes.

The motion mentions another matter, which it states was briefed but not ruled upon in the opinion, but we are unable to find any express support for it in the brief filed with the motion. At the outset of his brief in support of the motion the defendant states the ground about a change in the route which we have recited. In conclusion he respectfully submits that the Court has not determined the issue of the change of location. In between there is a lengthy discussion of our holding about the last part of finding 26 and pertinent law, all advanced, as we understand it, in support of defendant's claim of a change in the route by mutual consent. Consequently we have not ruled upon this additional matter.

*Motion for Reargument denied. Let full entry go down.*