# George H. Price et al v. Leslie Rowell et al

[159 A.2d 622]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith,JJ.**

Opinion Filed March 2, 1960

*Norbert J. Towne* for the plaintiffs.

*Franklin S. Billings, Jr.*for the defendants.

**Holden, J.** The plaintiffs have resorted to the court of chancery and the declaratory judgment act to settle their title and protect their rights in the Mount Hunger School property, in the town of Barnard. It appears from the complaint that the school house was constructed sometime in 1868, on lands that were a part of Justin Lillie's farm. No deed or other instrument of conveyance was ever given by Lillie. The construction was done by virtue of an oral agreement between the plaintiff's predecessor, Lillie, and the School District Committee of District No. 8 to the effect that if the property should cease to be used as a public school, it would return to the possession of Lillie, his heirs and assigns. Use of the property as a public school continued to 1939.

The complaint states that the farm upon which the school was built was subsequently sold by the estate of Justin Lillie according to the same description given when Lillie acquired the farm. No exception of the school property was mentioned in this, or any of the subsequent deeds. It is further alleged that the plaintiffs acquired title to the Mt. Hunger School property through an unbroken chain of conveyances from Justin Lillie. Their immediate grantors, H. Edward and Alice Stimets, conveyed the farm, by warranty deed dated September 28, 1945, recorded in Book 29, page 512 of the Barnard Land Records. The plaintiffs claim to have enjoyed full possession of the Mt. Hunger School during the period from 1945 until September 7, 1957.

Despite a written protest from the plaintiffs, the selectmen of Barnard undertook to convey the school property to the defendants by quit claim deed of September 7, 1957. It is alleged that the defendants, on that date, broke into the school and have retained possession against the plaintiffs ever since.

The plaintiffs assert they have no complete and adequate legal remedy. They seek to avoid multiplicity of actions and petition for a declaration of their rights in the property and injunctive relief against the continuing and repeated trespass of the defendants.

The defendants moved to dismiss the complaint on the contention that the complaint does not state a cause of action in equity and that equitable relief is not justified on the pleadings. After hearings on the motion, the court of chancery for Windsor County granted the defendants' motion to dismiss and passed the cause to this Court for review before final decree.

■ The motion to dismiss certified to us is in substance and effect the equivalent of a demurrer under the Practice Act. *Kaeser* v. *Town of Starksboro*, 116 Vt. 389, 391, 77 A.2d 831. Its function and purpose is to test the sufficiency of the complaint, and it admits the truth of facts well pleaded. *Theberge* v. *Canadian Pacific Railway Co.*, 119 Vt. 193, 197, 122 A.2d 848; *Gignac* v. *King*, 118 Vt. 413, 416, 111 A.2d 42; *Connecticut General Life Insurance Co.* v. *Levin*, 115 Vt. 170, 171, 55 A.2d 127.

■ In support of the ruling appealed from, the defendants argue the inadequacy of the pleading as to the description of the land. The property is described as the "farm formerly owned by Justin Lillie." The description of land as being "our home farm" was held adequate to meet the challenge of a demurrer in an action in equity to foreclose a mortgage in *Howe's Executors* v. *Towner*, 55 Vt. 315, 316. The Court in that case found the description sufficiently definite. It reasoned that the boundaries of farms are generally well marked and defined, so that one acquainted with the farm can readily point out and locate its limits.

The defendants also criticize the averment that the plaintiffs have an "unbroken chain of title to said farm" as the statement of a conclusion of law. The allegation is a mixture of law and fact. But the complaint goes on to make plain the source of the plaintiff's title and refers to conveyances

by which it was derived. Since the pleading identifies the property and the source of the plaintiff's title to it, it is sufficiently clear to acquaint the defendants with the nature of the claim and the proof they must meet on the trial of the main issues.

■ In any event, it readily appears from the proceedings below, that the chancellor did not certify this cause to review technical points of pleading. Such is not the purpose of 12 V. S. A. §2428, providing for review before final judgment. The function of the defendants' motion, being in the nature of a demurrer, is to test the sufficiency of the complaint in matters of substance. *Standard Register Co.* v. *Greenberg*, 120 Vt. 112, 115, 132 A.2d 174; *Coburn* v. *Village of Swanton*, 95 Vt. 320, 324, 115 A. 153.

This appeal must stand or fall on the question of the jurisdiction of equity to determine the issues presented by the complaint. The chancellor, in dismissing the action, held the plaintiffs had an adequate remedy at law, in that this is essentially a proceeding to try the title to real property or, at best, an action to remove a cloud from the title, available only to a complainant in possession of the disputed land. The accuracy of this analysis of the complaint presents the real question of this appeal.

■ It is well established in our decisions that the mere existence of a dispute concerning a common boundary or a common right of way between adjoining owners, standing alone, is insufficient to invoke equitable jurisdiction. Irreparable and continuing injury, or the threat of oppressive litigation must appear. *Watkins* v. *Child*, 79 Vt. 234, 236, 65 A. 81; *Aguirre* v. *Aja*, 113 Vt. 123, 125, 30 A.2d 88; *Curtis* v. *O'Brien*, 117 Vt. 52, 56, 84 A.2d 584; *Baker* v. *Koslowski*, 117 Vt. 124, 129, 85 A.2d 500.

■ It is equally settled that equity will not eject one occupant of real property to install his adversary under the color of a proceeding to remove a cloud from the title. *Quinn* v. *Valiquette*, 80 Vt. 434, 447, 68 A. 515, 14 L. R. A., N. S., 962; *Blondin* v. *Brooks*, 83 Vt. 472, 487, 76 A. 184; *Scully* v.

*Dermody*, 110 Vt. 422, 430, 8 A.2d 675. The plaintiff must be in possession if he seeks merely to quiet his title. But if the freeing of his title from dispute is not the primary relief sought, and the removal of the cloud is but incidental to the main objective, equity will entertain the cause to make full and adequate relief available. *Quinn* v. *Valiquette, supra,* 80 Vt. at 446-447, 68 A. at 519; *Scully* v. *Dermody, supra,* 110 Vt. at 430, 8 A.2d at 678.

This litigation has a critical and distinctive aspect that sets it apart from a plain action of ejectment or trespass. Neither of the legal remedies suggested are capable to cope with the problem presented by the alleged oral agreement between Justin Lillie and the school committee. As stated above, the complaint tells us that the school house was constructed without consideration, and without deed or other conveyance from the owner of the land. It appears there was an understanding that the property could be occupied for a public school, but if it should ever cease to be used for this purpose, "the same would return to the possession of the said Lillie his heirs and assigns."

■ This language denotes and spells out a parol license from Lillie to the school committee to construct and maintain a public school on the property without the transfer of an interest in the land itself. *Clark* v. *Glidden,* 60 Vt. 702, 705, 15 A. 358; *Toussaint* v. *Stone,* 116 Vt. 425, 428, 77 A.2d 824. It may be that the license became coupled with an interest upon the construction of the school. At the time it was given, no interest attached, and the interest that later developed would expire when the purpose for which the license was given came to an end. *Clark* v. *Glidden, supra,* 60 Vt. at 705, et seq, 15 A. at 359. See also, 53 C. J. S., Licenses §87, p. 813; 33 Am. Jur. Licenses, §103, p. 407. In the instant case, the license would expire by its own terms when the property should no longer be used for a public school.

■ Thus, it appears in the complaint that the licensing agreement was at an end and its purpose accomplished. When a license in land is concluded, equity will take jurisdiction to

halt the trespass arising from the continued exercise of a privilege that has expired or been revoked. *Brehm* v. *Richards*, 152 Md. 126, 136 A. 618, 56 A. L. R. 1103, 1109; *Libbey* v. *Van Bruggen*, 30 N.M. 116, 228 P. 178, 38 A. L. R. 1134, 1138; *Boston and Maine Railroad* v. *Sullivan*, 177 Mass. 230, 58 N. E. 689, 691. If the facts alleged can be proved, injunctive relief should be granted to put an end to the continuing usurpation of the plaintiffs' land and to avoid multiple actions. And this is especially true where the licensee may have some interest arising from improvements erected on the licensed land. *Shipley* v. *Fink*, 102 Md. 219, 62 A. 360, 363, 2 L. R. A., N. S., 1002.

As far as the plaintiffs are concerned, the Statute of Frauds presents no obstacle to the relief requested. Assuming the truth of the facts alleged, the plaintiffs have a valid deed to the disputed lands and the school property lies within the limits of their farm. They stake their claim to title on written instruments of conveyance that are on record. The oral licensing agreement bears on their right to equitable relief. Further, it explains the defendants' possession to aid in overcoming the presumption of ownership that otherwise might arise in the defendants' favor. Compare, *Hough* v. *Patrick*, 26 Vt. 435, 442; *State* v. *Rowell*, 120 Vt. 166, 170, 136 A.2d 349. But this is not the agreement upon which the claimants assert title within the meaning of the Statute of Frauds, 12 V. S. A. §181. The plaintiffs' interest in the disputed land is based on deeds of record, including the conveyance from Stimets.

█ The defense of adverse possession is equally unavailable on the facts pleaded. It appears that the defendants' grantor took possession of the land by permission of Justin Lillie. If that was the true character of the occupancy, their holding was not adverse nor hostile, at least during the period the license was in effect. Permissive use will not ripen into title by prescription, however long such possession may have continued. *Davis* v. *Union Meeting House Society*, 93 Vt. 520, 526, 108 A. 704; *In re Fisher's Estate*, 104 Vt. 37, 40, 156 A. 878; *Fuller* v. *Watkins*, 117 Vt. 257, 262, 90 A.2d 444. Beyond that, this complaint avers that the plaintiff enjoyed

full possession of the property for a part of the time after the school was closed, and until 1957.

■ The Uniform Declaratory Judgments Act, 12 V. S. A. §§4711-4725, is well suited to the needs of this controversy. The situation disclosed in the complaint is beset with uncertainty and insecurity. A declaration of rights, as well as equitable relief, is required to stabilize and quiet the relations between these parties. See *Gifford Memorial Hospital* v. *Town of Randolph,* 119 Vt. 66, 70, 118 A.2d 480; Borchard, Declaratory Judgments, 2d ed. (1941) p. 931 et seq.

If the plaintiffs' claim to the disputed land is grounded in fact, equitable relief and a declaratory decree offer an efficient remedy to dispose of the further controversy that might develop over the status of the school building itself. This was the principal issue in *Dickerman* v. *Town of Pittsford,* 116 Vt. 563, 80 A.2d 529. Should the question arise, it could hardly be met in one proceeding, by the traditional, and sometimes burdensome remedies provided in actions at law. See *American Steel & Iron Co.* v. *Taft,* 109 Vt. 469, 474, 199 A. 261; *Callahan* v. *Broadway National Bank of Chelsea,* 286 Mass. 473, 190 N. E. 792, 794; Borchard, Declaratory Judgments, supra, at 624.

It appears this cause is well founded in equity jurisdiction. It was error to dismiss the complaint.

*Order of dismissal reversed and cause remanded.*