# S. L. Garand Company, Inc. v. Everlasting Memorial Works, Inc.

[264 A.2d 776]

No. 26-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 7, 1970

*McKee & Clewley,* Montpelier, for Plaintiff.

*Ryan & Ryan,* Montpelier, for Defendant.

**Holden, C.J.** This appeal concerns a long-standing boundary dispute between adjoining corporate owners of granite manufacturing properties in the city of Montpelier. The plaintiff started the litigation by an action at law for trespass. The acts of which the plaintiff complains consist of the defendant's construction of a building and installation of underground tanks and a power pole which, it alleges, encroach upon the plaintiff's land.

The defendant denied any trespass on its part and further responded with allegations that the plaintiff consented to the installation and the construction of the building. Furthermore, it answered that the construction was accomplished on lands owned by the defendant. By way of counterclaim, the defendant alleged that the plaintiff in 1961 obstructed and destroyed a drainage ditch which drained water from both properties to the Winooski River. The defendant charged that the plaintiff had continually diverted great quantities of water to the defendant's land and buildings, causing damage to its plant, facilities and manufactured products. The defendant further complains that the acts of trespass committed by the plaintiff are continuing in nature which, in time of high water, impair its operation and impede access to its plant. The defendant's answer and counterclaim were accompanied by a motion to transfer the cause to the Washington County Court of Chancery for injunctive relief against the plaintiff's continuing acts of trespass.

The motion to transfer was granted without objection from the plaintiff. At the hearing, during the September Term 1967, both parties presented extensive engineering data and oral testimony concerning the location of old monuments which have since been obliterated. The chancellor made extensive findings which confirmed the defendant's theory of title and, in general, sustained the allegations of the answer, counterclaim and motion to transfer to equity. The plaintiff took exception to seven of the chancellor's fifty-eight findings of fact and moved to reopen the hearing to receive further evidence to include the deposition of Almo Cecchini taken May 23, 1967. The findings, as first reported, do not locate or define the common boundary in such a way that it could be identified on the

terrain. The defendant requested the court to make additional findings to accomplish this result.

The chancellor denied the plaintiff's motion to present further evidence. By way of supplemental findings, the chancellor located the boundary in accordance with his prior findings, as determined by an engineer's survey which was received in evidence and reported in the findings as Defendant's Exhibit A. The court's decree adjudges the line so determined to be the true boundary between the parties and describes it by reference to monuments, courses and distances. The plaintiff is enjoined from trespassing on lands of the defendant easterly of the boundary line set forth in the decree. The plaintiff's complaint against the defendant was dismissed.

This appeal by the plaintiff makes no claim against the validity of the findings reported by the chancellor. Error is assigned only to the lower court's refusal to reopen the hearing to receive additional evidence and to that aspect of the decree which locates the common boundary.

■ The first contention can be summarily disposed of with the observation that the deposition of Almo Cecchini sought to be presented was taken on May 23, 1967 and was at hand and available to plaintiff when the cause was heard at the September Term later that year. A witness, identified by this name, testified as an officer of the defendant. He was examined by plaintiff's counsel concerning his prior deposition at the trial. There is nothing about the motion to appeal to the court's discretion to justify receiving the evidence out of time. No reason is given to excuse the withholding of the deposition when the case was open, with full opportunity to present the deposition in question. The ruling is sustained. *Turner, Admx.* v. *Bragg,* 115 Vt. 196, 200, 55 A.2d 268.

■ The remaining assignment of error is directed to the decree. It challenges the jurisdiction of the equity court to adjudicate the location of the division line described in the decree. Although the plaintiff offered no resistance at the hearing to transfer the cause to the chancery court, we will take the question. It relates to jurisdiction of the subject matter and such an objection is not foreclosed, although it is out of time. *Barrell* v. *Renehan,* 114 Vt. 23, 25, 39 A.2d 330.

■ The sufficiency of remedies at law to afford adequate and complete relief in boundary disputes between independent proprietors of adjoining lands has sometimes precluded the intervention of equity jurisdiction. Absent some need for equitable relief, the existence of a dispute as to the boundary between adjoining lands does not afford sufficient reason for a court of equity to ascertain and fix the boundary. *Curtis* v. *O'Brien,* 117 Vt. 52, 56, 84 A.2d 584; *Aguirre* v. *Aja,* 113 Vt. 123, 124, 30 A.2d 88; *Watkins* v. *Childs,* 79 Vt. 234, 236, 65 A. 81.

■ To preclude the intervention of the court of chancery, however,—"(i)t is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." *Boyce's Executors* v. *Grundy,* 3 Pet. (U.S.) 210, 7 L.Ed. 655, 657; *Poulin* v. *Town of Danville and Town of Cabot,* 128 Vt. 161, 260 A.2d 208, 211; *Hall* v. *Village of Swanton,* 113 Vt. 424, 428, 35 A.2d 381.

■■ In boundary disputes, if the trespass is continuing, with repeated acts done or threatened, the legal action for each single and separate wrongdoing provides relief which is insufficient and unduly burdensome to all concerned. In consequence, equity has jurisdiction to correct the entire wrong and avoid further repetition .by injunctive relief. *Baker* v. *Koslowski,* 117 Vt. 124, 129, 85 A.2d 500; *Cabot* v. *Hemingway,* 115 Vt. 321, 323, 58 A.2d 823; *Barrell* v. *Renehan, supra,* 114 Vt. at 25, 39 A.2d 330. Such relief is entirely appropriate to protect a neighboring landowner from wrongful and destructive overflow from upper lands. *Kasuba* v. *Graves,* 109 Vt. 191, 199, 194 A. 455.

Such is the situation alleged in the pleadings and confirmed in the findings. The jurisdiction of the court of chancery to locate the boundary between these adjoining owners and protect the line against further encroachment was well founded.

*Decree affirmed.*