RONALD J. GIGNAC *v.* MAURICE W. KING.

(96 A2d 824)

January Term, 1953.

Present : SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 5, 1953.

*N. Henry Press* for the plaintiff.

*Sylvester & Ready* for the defendant.

ADAMS, J.  This is an action of tort to recover damages resulting from an automobile accident.  The defendant filed a special plea of a discharge in bankruptcy to which the plaintiff demurred.  The demurrer was overruled and the plea adjudged sufficient.  The plaintiff was allowed an exception and the cause passed to this court for determination on the exception before final judgment pursuant to V. S. 47, § 2124.

We find from the record that the plaintiff by his writ, dated September 28, 1951, brought this action in the Franklin County court against the defendant.  The declaration alleged in substance that on October 22, 1949, the plaintiff was the owner of an automobile which he was operating on a certain highway and the defendant was operating an automobile on the same highway in the opposite direction from that in which the plaintiff was traveling; that the defendant carelessly, negligently, grossly, wilfully, wantonly and imprudently operated and ran his automobile onto the left-hand side of the highway in such a manner as to negligently run into the plaintiff's automobile, thereby causing it to be badly damaged.  By a second count, the plaintiff claimed damage for medical expenditures because of injuries to his wife, who was a passenger in his automobile. He claimed total damage of $1500.00.

The defendant filed a plea alleging in substance, that by a writ dated July 16, 1950, the plaintiff instituted an action against the defendant in the Franklin County court declaring in negligence with the same identical allegations as in the instant case; that following the institution of that action a stipulation was entered into between the plaintiff and defendant which sets forth that the defendant is guilty of the negligent acts as alleged and that the plaintiff is entitled to judgment and to recover as damages $1,000.00 and costs of $10.00; that the defendant shall pay the attorney for the plaintiff $5.00 per week until the foregoing amount is fully paid and that if the defendant shall fail to pay the amount due, the plaintiff may have judgment as to damages with costs; that if the stipulation is complied with, the action shall be entered "Settled and Discontinued" and that said cause may be entered out of time.

The plea further alleged that pursuant to the stipulation, the defendant paid the plaintiff's attorney $45.00; that on October 26, 1950, the writ was entered with the clerk of the court and that sub-

sequent thereto, on motion of the defendant, the suit was dismissed because it was not entered in time. Further allegations are, that on September 28, 1950, after the accruing of the cause of action declared on in the writ dated July 16, 1950 and while the stipulation was in full force and effect and payments were being made thereunder, the defendant on his voluntary petition was adjudged a bankrupt by the District Court of the United States for the District of Vermont; that the cause of action declared upon by the plaintiff and also as reflected in the stipulation was and is a debt provable in the bankruptcy proceeding; that it was set forth in the bankruptcy petition as a debt owing by the defendant; that the cause of action declared upon by the plaintiff is not a debt founded on a judgment rendered in an action for fraud, nor for obtaining property by false pretenses or representations, nor has it been adjudged to be an action for the wilful and malicious injury to the person or property of another but is wholly released by a discharge of the defendant in bankruptcy; that although notified, the plaintiff made no objection to the defendant having a discharge in bankruptcy and on December 27, 1950, the defendant was discharged from all debts and claims relating to his bankruptcy including the plaintiff's claim.

The plaintiff filed a demurrer to the plea alleging "that the matters therein contained are not sufficient in law to entitle the said defendant to the judgment therein prayed for." He then assigned as causes for the demurrer, that the adjudication of the defendant as a bankrupt is not a defense to the cause of action; that a claim based on tort, such as wilful or negligent injury to a person, as in said cause, and the basis of a suit for negligence instituted after a petition in bankruptcy is not provable as a debt in bankruptcy; that it is not required that said cause of action be adjudged to be wilful or malicious; that if said cause arises out of the wilful and malicious acts of the defendant it is not dischargeable in bankruptcy; that said stipulation is no longer effective as it was a part of the proceeding which was abated and should have no effect in determining whether the pending action is provable, nor any effect in determining whether or not the pending action is dischargeable in bankruptcy and that said plea is in other respects insufficient and immaterial.

██ The fact that a liability is in tort or is unliquidated does not in itself render the liability exempt from a discharge of the tort feasor in bankruptcy. The material questions on dischargeability

are first, is the obligation provable; second, is it exempted from discharge under § 17 of the Act (11 USCA § 35, FCA title 11, § 35). A judgment on a tort, if provable, is dischargeable, unless it comes within one of the exceptions to discharge. This should be true of the liability asserted in an action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy, which is provable under the Bankruptcy Act in its amended form. 6 Am Jur, Bankruptcy, § 756.

Clause (7) of subdivision (a) of the Bankruptcy Act, as it has stood since the Amendatory Act of 1938 [11 USCA § 103 (a) (7)], FCA title 11, § 103 (a) (7) renders provable "the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy." 6 Am Jur, Bankruptcy, § 413, p. 795.

The Bankruptcy Act [clause (2) of § 17] excepts from the discharge granted a bankrupt liabilities "for wilful and malicious injuries to the person or property of another." The nature of the liability remains the same for the purpose of the exception notwithstanding its reduction to judgment, but the exception is no longer limited to judgments. 6 Am Jur, Bankruptcy, § 784; Anno. 98 ALR 1455; *Kavanaugh* v. *McIntyre*, 210 NY 175, 104 NE 135, 242 US 138, 37 S Ct 38, 61 L Ed 205. What constitutes wilful and malicious injury growing out of an automobile accident, within the provisions of the Bankruptcy Act relating to discharge, depends in each case upon the particular facts, so that it is difficult, if not impossible, to formulate a general rule applicable to all cases. 6 Am Jur, Bankruptcy, § 786; Anno. 57 ALR 153.

While the courts have been liberal to draw definitions of the term "wilful and malicious" injury as used in the section of the Bankruptcy Act under consideration, while it is generally agreed that an injury arising out of simple negligence does not come within the purview of the statute, it is true that to a large extent whether a particular claim arising out of an automobile accident, alleged to survive a discharge in bankruptcy because it involves a wilful and malicious injury, will be accorded that status depends upon the particular facts and circumstances surrounding the injury and the specific acts of misconduct charged against the tortfeasor. Anno. 13 ALR 2nd 169.

The burden was on the plaintiff to show that his claim is

within the exception as set forth in the Act. *Smith* v. *Ladrie,* 98 Vt 429, 431, 129 A 302, and cases cited; *Lyon* v. *Prescott,* 103 Vt 442, 445, 156 A 679; Anno. 13 ALR2nd 172. The plaintiff, in oral argument, claimed that he had shown such fact because of the allegations in his declaration. The form of the declaration is not determinative of whether the case falls within the exception. The facts of intent and malice are to be judicially ascertained by direction of the law, however the act may be characterized by the allegations. The character of the act is the test. To hold that the form of a count or declaration is conclusive and controlling as to the character of the act would justify a holding that the pleader by a stroke of the pen can change the character of an act already completed. *In Re Cote,* 93 Vt 10, 13, 15, 106 A 519, and authorities cited; Anno. 109 ALR 1192.

In the case of *Bailey, Admx.* v. *Gleason,* 76 Vt 115, 56 A 537, the defendant pleaded bankruptcy and his discharge. The plaintiff filed a general demurrer to the plea. There the declaration was on a note and for money loaned which the court said made the claim prima facie provable. The demurrer was sustained on the ground, however, that the plea did not state that the debt was duly scheduled by the debtor. In that case this Court said beginning at page 117, "The statute excepts from the operation of the discharge certain classes of provable debts. It is not necessary for the defendant to show by his plea that the debt was not within any of the excepted classes. It is for the plaintiff to bring the debt within some exception by his replication."

In the instant case, as we have seen, the defendant's plea alleged that the cause of action declared on was a provable claim; that it was set forth in the petition as a claim owing the plaintiff; that the plaintiff, although notified, made no objection to the defendant's discharge and that the defendant was discharged from all debts and claims relating to his bankruptcy including the plaintiff's claim. These are facts well pleaded, particularly that the plaintiff's claim was included in those covered by the discharge. They are, therefore, admitted by the demurrer. *Dunbar* v. *Godbout,* 105 Vt 448, 452, 168 A 551; *Kinsley* v. *Herald & Globe Assoc.,* 113 Vt 272, 280, 34 A2d 99, 148 ALR 1164. For this reason, the demurrer was properly overruled.

It is unnecessary to consider the effect, if any, of the stipulation, upon the original suit as claimed by the parties.

*Order overruling the demurrer to the defendant's plea is affirmed and cause remanded.*