## Ronald J. Gignac v. Maurice W. King

[111 A2d 42]

November Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955.

*N. Henry Press* and *William B. Goldsbury* for the plaintiff.

*Ready & Brown* for the defendant.

**Adams, J.** This is an action of tort to recover damages resulting from an automobile accident. The case has been here before. There the defendant had filed a special plea of

a discharge in bankruptcy to which the plaintiff demurred. The demurrer was overruled and the plea adjudged sufficient. The plaintiff excepted and the cause was passed to this Court before final judgment. We held the plea sufficient, sustained the order overruling the demurrer and remanded the cause. *Gignac* v. *King*, 117 Vt 563, 96 A2d 824.

After the remand, the plaintiff filed a replication to the plea of a discharge in bankruptcy. The replication alleges in substance that the cause of action is for the wilful and malicious injury by the defendant to the plaintiff's property and to the person of the plaintiff's wife and that due to such acts it is not dischargable in bankruptcy.

The defendant has filed a plea to the replication. This plea sets up in substance the prior proceedings above set forth in the trial court and in this Court. It then avers that the defendant's previous plea alleged that the cause of action declared on was a provable claim; that it was set forth in the petition in bankruptcy as a claim owing the plaintiff; that the plaintiff, although notified, made no objection to the defendant's discharge in bankruptcy; that the defendant was in fact discharged from all debts and claims including the claim of the plaintiff; that said facts were well pleaded and, therefore, under the ruling of this Court were admitted by the demurrer. The plea then alleges that the ruling of the trial court and of this Court in the matter constitutes a bar and that the plaintiff is not in a position to allege and prove that the cause of action is for the wilful and malicious injury by the defendant to the plaintiff's property and the person of the plaintiff's wife. The plea concludes with a prayer for judgment for the defendant inasmuch as the matter has been fully adjudicated.

No trial was had and judgment was entered for the defendant. The case is here on an exception allowed the plaintiff to this action of the trial court.

The Bankruptcy Act excepts from the discharge granted a bankrupt liabilities "for wilful and malicious injuries to the person or property of another." It is difficult, if not impossible, to formulate a general rule applicable to all cases. Whether a particular claim arising out of an automobile

accident will be accorded the status of coming within the exception depends to a large extent upon the particular facts and circumstances surrounding the injury and the specific acts of misconduct charged against the tort-feasor. The burden of showing that a claim is exempt from the discharge is on the party asserting it. The fact of intent and malice are to be judicially ascertained by direction of the law. The character of the act is the test. *Gignac* v. *King, supra,* 117 Vt 563 at 567-568, 96 A2d 824.

The plaintiff by his replication to the plea of the defendant of bankruptcy and discharge raises the question of exemption from the discharge and the facts involved for its determination. Is he precluded from so doing here? In considerring this question, it must be remembered that the trial court, after it overruled the demurrer passed the cause to this Court before final judgment under V. S. 47, §2124 for determination on an exception of the plaintiff. Also, the judgment of this Court affirmed the order overruling the demurrer and remanded the cause to the trial court.

■ When a demurrer is overruled in a civil case at law and the court does not enforce judgment under the rule nor pass the case up before final judgment, the demurrant must elect whether he will abide by his demurrer and let judgment pass against him and then go up or whether he will replead and thereby waive the demurrer. *German* v. *Bennington & Rutland R. R. Co.,* 71 Vt 70, 71, 42 A 972; *Fuller & Co.* v. *Morrison,* 106 Vt 17, 20, 169 A 7.

■ If the trial court thinks that the case is such that the party ought not to be compelled to waive his demurrer, it can send the case up for hearing on the demurrer before proceeding further. *Citizens Savings Bank & Tr. Co.* v. *Northfield Trust Co.,* 89 Vt 65, 68, 94 A 302. That was done in the instant case. See also, *White* v. *Hall,* 91 Vt 57, 60, 99 A 274; *Johnson* v. *Rickard,* 115 Vt 514, 515, 66 A2d 23; County Court Rule 14.

The case of *Bowen* v. *Grand Trunk Ry. Co.* 86 Vt 483, 86 A 306, is quite in point here. There the defendants filed a plea to the jurisdiction and the plaintiff demurred to it. The trial court overruled the demurrer, adjudged the plea

sufficient and then upon request of the plaintiff made an order allowing him to replead to which the defendants excepted. The trial court then passed the cause to this Court before proceeding further. This Court at page 485, omitting citations, said: "The overruling of the demurrer was not conclusive on the question of jurisdiction. It was merely a judgment upon the legal sufficiency of the defendants' claim as presented in the plea. The allegations of residence were admitted only for the purpose of the demurrer. Matters thus admitted have the standing of facts simply because the pleader has not denied them. A party demurring pauses in the course of his pleading to question the legal sufficiency of the matters alleged, if true. If the question of legal sufficiency is decided against him, he can still have his inquiry of fact, unless precluded by some rule of procedure. The court's conclusion that the matters alleged were sufficient in law did not deprive it of the power to inquire whether those matters were true in fact."

■ In the instant case, the overruling of the demurrer was not conclusive as to the facts set forth in the plea to which the demurrer was filed. The plaintiff did not stand upon his demurrer and let judgment pass against him. The case was certified to this Court for determination as to the legal sufficiency of the plea as raised by the demurrer and the affirming of the order of the trial court was a judgment upon that question only. While it is commonly said, as we did when the case was here before, that facts well pleaded are admitted by the demurrer, it is more accurate under the foregoing procedure to say that the demurrer admits for the purpose of its consideration facts well pleaded. *Conn. Gen. Life Ins. Co.* v. *Levin*, 115 Vt 170, 171, 55 A2d 127,

Therefore, the plaintiff is not precluded from having proper inquiry and determination made of the matters controverted by his replication. It was error to enter judgment for the defendant on the pleadings.

*Judgment reversed.*