MORRIS GREENSTEIN *vs.* ROSE SINGER.

MARCH 16, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is a proceeding wherein the defendant filed a motion to stay execution on a judgment for the plaintiff for $4,500 duly entered in the superior court in an action of trespass for trover and conversion. See *Greenstein* v. *Singer*, 80 R. I. 141. The motion is based on a discharge in bankruptcy obtained by the defendant after entry of such judgment. After a hearing in the superior court the trial justice filed a rescript denying the motion on the ground that the judgment debt was based on the defendant's malicious and willful injury to the plaintiff's property and, therefore, was not dischargeable in bankruptcy. The defendant duly excepted to such decision and the case is properly here on her bill of exceptions thereto.

In this court prior to assignment of the case for hearing on the merits plaintiff filed a motion to dismiss the bill of exceptions on the ground that a decision of the superior court on a matter arising after entry of judgment was not reviewable here by exceptions. We denied the motion without prejudice to plaintiff's right to renew it when the case would be heard on the merits. He has renewed such motion and in addition to the above ground he contends that the trial justice's decision was an exercise of his discretion and therefore not reviewable by this court. We shall dispose of those contentions before proceeding to discuss the merits of defendant's motion.

Neither contention is tenable. As to the first, there can be no question of defendant's right to except to the trial justice's decision. Rule 21 of the Rules of Practice of the Supreme Court expressly provides: "Decisions, rulings and orders of the superior court upon any matter subsequent to judgment may be excepted to and may be made the subject of a bill of exceptions in the same manner, as near as may be, as decisions, rulings and orders prior to judgment, provided that this rule shall in no way change the established procedure in divorce." This rule which was promulgated February 19, 1934 supersedes any contrary provision of the general laws governing the prosecution of bills of exceptions to this court. It also has the effect of overruling whatever was held to the contrary in *Fontaine* v. *Inlaid Co.*, 36 R. I. 373, upon which plaintiff so strongly relies.

The plaintiff's second contention in support of his motion to dismiss would have merit if the proceeding under review were a motion for a mere temporary stay of execution, but it is not. The motion here is for a permanent stay and raises a question of law whether defendant's discharge in bankruptcy is a bar to the enforcement of the judgment entered in the action of trover and conversion. Such a question cannot be finally decided by a justice of the superior court in the exercise of his discretion.

By virtue of section 1 of article XII of amendments to the constitution of Rhode Island this court is vested with "final revisory and appellate jurisdiction upon all questions of law and equity." Hence the decision of the trial justice on the question of law raised by defendant's motion for a stay is reviewable here if it is properly prosecuted. It has been so prosecuted by a bill of exceptions as expressly authorized by rule 21 above quoted. We are therefore of the opinion that plaintiff's motion to dismiss such bill of exceptions must be denied.

We now come to a consideration of the merits of defendant's motion for a permanent stay of the execution. It appears that after judgment was duly entered against her in

the superior court for conversion of certain funds to which plaintiff had the right of possession, she filed a petition in bankruptcy and listed such judgment in the schedule of her provable debts. In due course she obtained a discharge in bankruptcy and thereupon filed in the superior court the instant motion to stay permanently the execution issued on the judgment entered in the action of trespass for trover and conversion.

At the hearing on such motion in the superior court she made profert of her discharge in bankruptcy and rested. She contended that it then became the duty of plaintiff to show that his judgment debt against her was saved from the effects of such discharge. That contention substantially states the view generally held by courts that have passed upon the question. *Kreitlein* v. *Ferger*, 238 U. S. 21; *In re Levitan*, 224 F. 241; *Massachusetts Bonding & Ins. Co.* v. *Lineberry*, 320 Mass. 510; *Gignac* v. *King*, 117 Vt. 563; *Frangos* v. *Frangos*, 157 Pa. Super. 87; *Damato* v. *Ambrose*, 122 N.J.L. 539.

The trial justice apparently did not agree with defendant at the hearing and suggested that it was incumbent upon her as the moving party to show not only that the judgment debt was listed in the schedule accompanying her bankruptcy petition and that she obtained a discharge based thereon, but also that such debt was one dischargeable under the bankruptcy act. This was the position taken by plaintiff and he did not offer to and did not show wherein the judgment was excepted by any provision of the act. Later in the hearing, however, the trial justice accepted the suggestion of defendant that he consider the transcript of evidence and the exhibits introduced in the trial of the action of trespass for trover and conversion and determine therefrom whether such debt was dischargeable. Over the objection of plaintiff, he took the motion under advisement until he could do this.

It appears from his rescript that as a result of his consideration of such evidence and the opinion of this court on the motion for reargument in *Greenstein* v. *Singer*, 80 R. I.

141, 147, he was convinced "that in any event the defendant deprived the plaintiff of the right of possession of the sum of $4500.00, which possession has never been restored." And in conclusion he stated: "This wrongful act of the defendant was practically a larcenous act and in the opinion of the Court was a willful and malicious injury to the property to which the plaintiff had, at least, the right of possession. The debt was not one discharged by the bankruptcy proceedings."

The trial justice erred in not requiring plaintiff to show in what respect defendant's discharge in bankruptcy was ineffective as a bar to the enforcement of the judgment. However, we think he substantially cured such error by considering the evidence and determining therefrom whether or not defendant's discharge was excepted by the bankruptcy act. Under such act a discharge releases a bankrupt from all his provable debts except such as "(2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *." 11 U.S.C.A. §35.

It has been held that "while conversion constitutes 'injury' to property within the signification of the statute, there must be willfulness and malice to take it out of the operation of the discharge; these are indispensable requisites." *Damato* v. *Ambrose,* 122 N.J.L. 539, 544. And in *Crosby* v. *Miller, Vaughn & Co.,* 25 R. I. 172, 175, this court stated: "An action of trover and conversion is not an action for fraud. * * * The word fraud, in the meaning of the bankruptcy act of 1867, means positive fraud, or fraud in fact, involving moral turpitude or intentional wrong; and not implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality. * * * The word has the same meaning in the act of 1898." In *Woods* v. *Nichols,* 21 R. I. 537, 538, it was held that trover and conversion could be maintained even though the defendant

acted in good faith. Hence the mere record of a judgment for conversion of another's property does not necessarily show fraud, malice, willfulness or even bad faith on the part of the defendant. *Davis* v. *Aetna Acceptance Co.*, 293 U. S. 328.

The plaintiff apparently concedes that a judgment in his favor for conversion does not necessarily imply that any injury resulting from defendant's conduct was willful and malicious. However, he claims that the evidence in the transcript without any further showing bears out the trial justice's conclusion that the conversion in the case at bar was of that character. For this contention he relies on certain portions of the transcript of defendant's testimony in the trial of the action, which he has set out in his brief. He also quotes the following excerpt from our opinion in *Greenstein* v. *Singer, supra,* at page 143: "* * * the ultimate issue in the case as tried is whether the defendant surreptitiously took and converted to her own use money, claimed by the plaintiff, from a safe deposit box in a certain bank in the city of Providence." We assume he relies on that quotation as indicating that we must have felt the evidence showed she had acted willfully and maliciously.

We have had the benefit of the transcript in refreshing our recollection of all the testimony adduced at the trial of the action of trespass for trover and conversion and we can now say that we did not by such language intend to imply that defendant had acted willfully and maliciously with intent to injure plaintiff's property. Indeed the only question with which we were concerned was whether plaintiff had made out a case of trover and conversion, notwithstanding the fact that he had not satisfactorily proved sole ownership of the funds in the safe deposit box. We held that it was not necessary for him to make such proof and that we could not say he had failed to prove that defendant had unlawfully deprived him of possession of such funds and converted them to her own use.

24

After refreshing our recollection of the evidence we are of the opinion that it failed to show that the defendant's act in converting the funds to her own use was willful and malicious and done with the intent to injure the plaintiff's property. On the contrary we think it is clear that there was a controversy as to who was the owner of the funds and that such controversy was not resolved by the jury's verdict. We refused to disturb such verdict only because of the reason given in our opinion on the motion for reargument, *Greenstein* v. *Singer, supra,* at page 147. If there was in fact such malice and willfulness on the part of the defendant, the plaintiff declined to avail himself of the opportunity to show it in the instant proceeding. Since he has relied solely upon the record of the trial of the action of trespass for trover and conversion to prove such contention, and since we have found that it does not, the defendant's discharge in bankruptcy must be accorded its full import unaffected by the above-quoted exception thereto in section 35 of the bankruptcy act.

The defendant's exception to the denial of her motion is sustained, the decision of the trial justice is reversed, and the plaintiff may appear before this court on March 25, 1955 to show cause, if any he has, why the case should not be remitted to the superior court with direction to stay the execution permanently.

*James J. Corrigan,* for plaintiff.

*John S. McKiernan,* for defendant.