# Weston C. Hammond v. Warren H. Brown's Executrix

[157 A.2d 472]

November Term, 1959

Present: **Hulburd, C. J., Holden and Shangraw, JJ. and Keyser and Hill, Supr. JJ.**

Opinion Filed January 5, 1960

*Stanley L. Burns* for the plaintiff.

*Loveland & Hackel* for the defendant.

**Holden, J.** The plaintiff seeks to recover on three

promissory notes which he endorsed, and later paid as accommodation endorser for the maker, Warren H. Brown. The defendant, executrix of Brown's estate, defends the action by claiming the operation of the statute of limitations and the discharge of the maker in bankruptcy proceedings.

The controlling facts are not in dispute. The notes were given in 1933. Brown defaulted on his promises of payment and the plaintiff was called upon to satisfy the obligations. The plaintiff responded by making full and final payment on May 17, 1934.

Sometime later Brown was adjudged bankrupt. The notes in suit were described and included in the schedule of his provable debts. On June 1, 1937, Brown was "discharged from all debts and claims which are provable by said Acts (of Congress) against his estate, and which existed on the 6th day of April A. D. 1936," by order of the United States District Court for the District of Vermont.

In 1957, after Brown's death, this action was commenced against his estate. The claims were disallowed by the commissioners and appeal was taken to the county court. Trial was by jury. At the conclusion of the claimant's case, the plaintiff presented a motion requesting the trial court to strike the defendant's plea of bankruptcy on the contention that this plea is inconsistent with the defense of the statute of limitations. Plaintiff's motion to strike the defense of bankruptcy was overruled with exceptions to the plaintiff.

Without offering further evidence, the defendant then moved for a directed verdict, claiming the action to be barred by both defenses. The trial court ruled the statute of limitations had been tolled by the bankruptcy proceedings under the federal bankruptcy law, 11 U. S. C. A. §29 (f), but held the plea of bankruptcy was a sufficient defense. A verdict for the defendant was directed on that defense alone and judgment was entered for the defendant. Both parties bring exceptions.

On the claimed inconsistency in the defenses pleaded, the plaintiff seeks to override the defense of bankruptcy by compelling the defendant to stand exclusively on her plea of the statute of limitations. In substance, the plaintiff advocates

that the original obligation of the decedent was a just debt. To obstruct its collection the defendant has asserted two inconsistent defenses which have been created by statutes in derogation of the common law. By virtue of the defendant's inconsistent position and upon broad considerations of public policy, the plaintiff claims the right to compel the defendant to forego the defense of bankruptcy and defend solely on the plea of the statute of limitations.

In maintaining that the interest of public policy is entirely with the creditors, the plaintiff overlooks the strong policy considerations that underlie the history of the bankruptcy laws and the statutory limitation of actions. See *Local Loan Co.* v. *Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, 201; *Stellwagen* v. *Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507, 512; *Reed* v. *Rosenfield*, 115 Vt. 76, 79, 51 A.2d 189; 34 Am. Jur., Limitations of Actions, §2 p. 14. Moreover, the plaintiff invokes the rule of statutory construction stated in *Coral Gables, Inc.* v. *Christopher*, 108 Vt. 414, 418, 189 A. 147, 109 A. L. R. 474, but the motion to strike does not turn on the construction of a particular statute.

The core of the plaintiff's assignment of error resides in his argument that the plea of bankruptcy and the defense of the statute of limitations are incompatible and cannot stand together. This premise is unsound.

█ The two statutory bars alleged by the defendant have much in common and are alike in nature and effect. *Farmers' & Mechanics' Bank* v. *Flint*, 17 Vt. 508, 511. Both are assumptive of the validity of the original undertaking, but deny the creditors right to enforce collection. Such is the operation of both defenses, for the moral obligation survives; only the remedy is extinguished. Adjudication in bankruptcy and expiration of the time prescribed by the statute of limitations become complete defenses unless the claimant succeeds in establishing some fact which makes his claim the exception. And the avoidance of the statutory bars is not a part of the defense to the action, for in these matters the burden is not the defendant's. It rests with the plaintiff. As to bankruptcy, *Gignac* v. *King*, 117 Vt. 563, 567, 96 A.2d 824; *Smith*

v. *Ladrie*, 98 Vt. 429, 431, 129 A. 302; as to the statute of limitations, *In re Estate of Delligan*, 111 Vt. 227, 237, 13 A.2d 282.

■ The plea of bankruptcy neither admits nor denies that the notes are outlawed. Conversely, the operation of the statute of limitations has no probative effect on the issue of bankruptcy. As far as consistency is involved, we find no legal justification to require the defendant to relinquish either defense.

■ In this connection, the plaintiff's motion to strike the plea of bankruptcy exceeded the provisions of 12 V. S. A. §1021 (2) which was in effect at the time of trial. This section permitted the plaintiff a motion to compel the defendant to specify "the defenses on which he purposes to rely." It afforded no authority to require the defendant to rely solely on a defense of the plaintiff's selection. This was the design of the motion presented to the trial court.

The court correctly permitted the defendant's plea of discharge in bankruptcy to stand. And in the absence of any evidence which would exclude the notes from the operation of that adjudication, the court properly directed a verdict for the defendant.

This result renders it unnecessary for us to review the question preserved by the defendant, challenging the ruling of the trial court to the effect that the statute of limitations was suspended by the bankruptcy proceedings under 11 U. S. C. A. §29 (f). If there was any error in this conclusion, it was harmless as to both appellants.

*Judgment affirmed. To be certified to the Probate Court for the District of Rutland.*